```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

WANDA GREEN                        )
on behalf of D.L.G.,               )
a minor,                           )
                                   )
            Plaintiff,             )
                                   )
v.                                 )       Case No. CIV-13-277-KEW
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )

## OPINION AND ORDER

Plaintiff Wanda Green ("Plaintiff"), on behalf of the minor child, D.L.G. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

2

its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 2, 2002 and was 7 years old when he filed for disability benefits and 8 years old on the date the ALJ issued his decision. Claimant is alleged to have become disabled on September 2, 2002 due to asthma, bronchitis, depression, and other psychologically based problems.

**Procedural History**

On January 25, 2010, Claimant, through his representative, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. On May 18, 2011, a hearing before ALJ Charles Headrick was held in Tulsa, Oklahoma. By decision dated October 3, 2011, the ALJ issued an unfavorable decision. On April 19, 2013, the Appeals Council denied review of

the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step three of the sequential evaluation. He determined that Claimant's condition did not meet a listing and he had not been under a disability.

**Review**

Plaintiff asserts the ALJ committed error in: (1) failing to properly consider that Claimant meets the functional equivalent of a listing; and (2) failing to perform a proper credibility determination.

**Step Three Analysis**

In his decision, the ALJ found Claimant suffered from the severe impairments of post-traumatic stress disorder ("PTSD"), oppositional defiant disorder, and a depressive disorder. (Tr. 45). He concluded, however, that Claimant did not have an impairment or combination of impairments the meets or equals a listing or that functionally equals the severity of the listings. (Tr. 45-53). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 53-54).

Claimant contends the ALJ should have found his impairments constituted the functional equivalent of a listing. In order to

4

determine whether a claimant meets a listing under step 3, the ALJ must consider whether the claimant has either two marked or one extreme limitation of function in six broad domains of function. 20 C.F.R. § 416.926a(a); Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1237 n.1 (10th Cir. 2001). Claimant bears the burden of demonstrating these marked limitations. 20 C.F.R. § 404.926a.

While the ALJ determined Claimant mad a marked limitation in the domain of *Interacting and Relating to Others*, Claimant asserts he should have also found he had a marked limitation in the two additional domains of *Acquiring and Using Information* and *Caring for Yourself*. With regard to his finding of less than a marked limitation in the first reference domain, the ALJ acknowledged Claimant's first grade teacher's statement that Claimant had "an obvious problem" with reading and comprehending written materials and comprehending and doing math problems and needed and received extra help. (Tr. 49, 153). The ALJ also relied upon the Childhood Disability Evaluation Form completed by Dr. Charles Delhotal and Dr. Tom Shadid on May 20, 2010. These consultants found Claimant was "less than marked" in his limitations in the domain of *Acquiring and Using Information* with the notation that Claimant was "[p]ossible LD." (Tr. 232).

Claimant relies upon the evaluation performed by Dr. Michael L. Martin on March 15, 2010. Dr. Martin administered the Kaufman-

Brief Intelligence Test-II, finding Claimant's composite standard score of 79 fell within the borderline range of intelligence. (Tr. 228). Dr. Martin did not, however, diagnose Claimant with borderline intelligence functioning as Claimant suggests. He diagnosed Claimant with PTSD, Chronic; Oppositional Defiant Disorder, Moderate to Severe; Depressive Disorder, NOS; and Neglect Victim. His narrative analysis focused on Claimant's perceived learning disability rather than deficiencies in his intelligence. (Tr. 229). The remainder of Claimant's alleged evidence of intelligence problems stemmed from Plaintiff's testimony which necessarily cannot rise to the level of a medical diagnosis. Claimant references several random statements in the record that has little to no specific bearing upon this domain. Claimant has failed to meet his burden of establishing a marked limitation in this domain.

Claimant also asserts the ALJ should have found a marked limitation in the domain of *Caring for Yourself*. Again, the ALJ turned to the questionnaire completed by Claimant's first grade teacher which found only "an obvious problem" in the area of being patient when necessary. Claimant experienced no problems in the other areas identified on the form provided to the teacher under this domain. Claimant's teacher noted Claimant was "eager to learn - will ask for help quickly." (Tr. 157). Drs. Delhotal and Shadid

6

found no limitation in this domain. (Tr. 233). The ALJ relied upon these references in the record to conclude Claimant had no functional limitation in this domain. (Tr. 52). Again, Claimant sporadically references the record and instances of Claimant's anger and activities which have no bearing upon his ability to care for himself. Claimant has failed to carry his burden in demonstrating at least a marked limitation in this domain.

**Credibility Determination**

Claimant contends the ALJ improperly evaluated the credibility of Plaintiff. The ALJ found Plaintiff exaggerated Claimant's symptoms. (Tr. 48). He recognized the reports from Shadow Mountain which note that Plaintiff was very negative about Claimant's actions. (Tr. 228, 240, 326, 346). Claimant's reported hallucinations were attributed to his imagination. (Tr. 386).

The ALJ also noted Claimant was doing well on his medications and had no problems sleeping. His visits to therapy were reduced. His behavior continued to improve. He was doing well in school. Despite Plaintiff's negative assessment of Claimant's condition, the evidence indicated Claimant's condition was improving on medication. (Tr. 47-48).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. The ALJ fulfilled his duty to assess Plaintiff's credibility against the backdrop of the objective medical record. No error is found in the assessment.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE